UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT VALLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:24 CV 608 JMB |
| | ) |
| DAVID VANDERGRIFF and ANDREW BAILEY, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Robert Valley's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the petition is **DENIED**. In addition, Petitioner's Motion for Appointment of Counsel (Doc. 8) is **DENIED**.

**I.      Procedural Background**

Petitioner is held by the Missouri Department of Corrections pursuant to the judgment and sentence of the Circuit Court of Iron County, Missouri. In 2016, a jury convicted him of first-degree assault and armed criminal action and he was sentenced to life and 30 years' imprisonment, respectively, to be served consecutively. (Doc. 12-12, p. 2). On February 13, 2018, the Missouri Court of Appeals affirmed his conviction and sentence (Doc. 12-5). Following an evidentiary hearing (Doc. 12-8), Petitioner's motion for postconviction relief pursuant to Missouri Supreme Court Rule 29.15 was denied by the trial court (Doc. 12-9, p. 62-69). On November 14, 2023, the Missouri Court of Appeals affirmed the denial of postconviction relief (Doc. 12-12). Petitioner timely filed his § 2254 petition on April 29, 2024

(Doc. 1).[1]  He asserts seven grounds for relief related to evidentiary rulings and ineffective assistance of counsel.  Respondent filed a response in opposition (Doc. 12) to which Petitioner has not replied, rendering this matter fully briefed.

Petitioner seeks relief from his current and future sentences.  Therefore, pursuant to Rule 2(b) of the Rules Governing Section 2254 and 2255 Cases, the Missouri Attorney General, Andrew Bailey, is hereby **ADDED** as a Respondent.

II.   **Factual Background**

Petitioner does not challenge the factual findings of the state courts and they are presumed to be correct.  28 U.S.C. § 2254(e)(1).

The evidence at trial revealed that Petitioner shot his wife in the back with a shotgun, severely injuring her.  He fled the scene and was apprehended the next day.  At trial, he argued that the shooting was accidental.

III.   **Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), allows for habeas relief in Federal court only if the state court's determination:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005).  "The state

---

[1] Pages 19 and 20 of the Petition, as paginated by Petitioner, are transposed (Doc. 1-1, pp. 6-7).

court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." Id.

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Brown, 544 U.S. at 141; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 406. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410–11).

When reviewing whether a state court decision involves an "unreasonable determination of the facts," state court findings of "basic, primary, or historical facts" are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. Collier v. Norris, 485 F.3d 415, 423 (8th Cir. 2007) (citations omitted); 28 U.S.C. § 2254(e)(1). Erroneous findings of fact by the state courts do not ensure the grant of habeas relief. Rather, the determination of these facts must be unreasonable in light of the evidence of record. Id.

To prevail on his ineffective assistance of counsel claims, Petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 688 (1984). With respect to the

first Strickland prong, there is a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. Thus, "counsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," and the "burden to show that counsel's performance was deficient rests squarely on the defendant." Burt v. Titlow, 571 U.S. 12, 22–23 (2013) (quotation marks and citation omitted). Courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689; see also Abernathy v. Hobbs, 748 F.3d 813, 816 (8th Cir. 2014) (reviewing court must refrain "from engaging in hindsight or second-guessing of trial counsel's strategic decisions.") (citation omitted)).

To establish the "prejudice" prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "Merely showing a conceivable effect is not enough; a reasonable probability is one sufficient to undermine confidence in the outcome." Paulson v. Newton Corr. Facility, 773 F.3d 901, 904 (8th Cir. 2014) (citation omitted). Although Strickland requires a showing of both deficient performance and prejudice, a "finding that no prejudice exists is sufficient to conclude that counsel was not constitutionally ineffective — [courts] need not first make a determination regarding deficiency." Holder v. United States, 721 F.3d 979, 987 (8th Cir. 2013).

"Taken together, AEDPA and Strickland establish a 'doubly deferential standard' of review." Williams v. Roper, 695 F.3d 825, 831 (8th Cir. 2012) (quoting Cullen v. Pinholster, 563 U.S. 170, 202 (2011)).

>   First, under Strickland, the state court must make a predictive judgment about the effect of the alleged deficiencies of counsel on the outcome of the trial, focusing on whether it is "reasonably likely" that the result would have been different absent the errors. Strickland, 466 U.S. at 696. . . . To satisfy Strickland, the likelihood of a different result must be "substantial, not just conceivable." Id. Under AEDPA, [federal courts] must then give substantial deference to the state court's predictive judgment. So long as the state court's decision was not "contrary to" clearly established law, the remaining question under the "unreasonable application" clause of § 2254(d) is whether the state court's determination under the Strickland standard is unreasonable, not merely whether it is incorrect. [Harrington v. Richter, 562 U.S. 86, 112, 101], 131 S. Ct. 770, 792, 785 (2011). This standard was meant to be difficult to meet, and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. at [102].

Williams, 695 F.3d at 831–32. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 562 U.S. at 105. Furthermore, a state court's findings of fact made in the course of deciding a claim of ineffective assistance of counsel are presumed to be correct. Odem v. Hopkins, 382 F.3d 846, 849 (8th Cir. 2004).

**IV.   Discussion**

Petitioner seeks appointment of counsel. Petitioner has neither a Constitutional nor statutory right to appointment of counsel. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997). Where an evidentiary hearing is not required, appointment of counsel is discretionary. See Rules 6(a) and 8(c), Rules Governing Section 2254 Cases in the United States Courts. No evidentiary hearing has been requested and such a hearing is not warranted in this case. See 28 U.S.C. 2254(e)(2). A court may nonetheless appoint counsel if "the interest of justice so require" in § 2254 proceedings. 18 U.S.C. § 3006A9(a)(2); Martin v. Fayram, 849 F.3d 691, 699 (8th Cir. 2017). In determining whether to appoint counsel, the Court "should first determine whether the petitioner has presented a nonfrivolous claim and then should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present

his claims, along with any other relevant factors." Id. at 699 (quotation marks, editing marks, and citation omitted); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994).

Counsel will not be appointed in this case. The Grounds raised by Petitioner are neither novel nor complex, Petitioner appears capable of reading and writing in English, and almost all the claims raised were previously raised by Petitioner in the state court. As such, it is clear that Petitioner understands the claims that he is raising, even though, as set forth below, he ultimately fails to show that he is entitled to federal habeas relief.

Petitioner asserts two substantive Grounds for relief: (1) that the trial court erred in allowing the testimony of Kathleen Coffman who stated that Petitioner heard voices telling him to kill the victim; and, (2) that the trial court erred in excluding a letter from the victim to Petitioner and phone calls they exchanged during his pretrial detention until the penalty phase. Petitioner also asserts that trial counsel provided ineffective assistance of counsel by: (3) failing to call Robert Keith Valley ("RKV" -- Petitioner's son) to attack victim's credibility; (4) failing to present evidence of Petitioner's physical disability which would have supported his theory of accident; (5) failing to present evidence at sentencing of Petitioner's mental health challenges which would have mitigated his culpability and resulted in a lower sentence; (6) calling witness Vicki Wilson, who attacked his credibility, without Petitioner's knowledge or consent; and, (7) failing to seek recusal of the presiding Judge because of a conflict of interest.[2]

Petitioner raised his substantive grounds for relief (Grounds 1 and 2) on direct appeal before the state courts. Respondent first argues that the claims are procedurally defaulted. State prisoners seeking habeas relief in federal court are typically limited to raising grounds that have been "fairly presented" in state court proceedings. Deck v. Jennings, 978 F.3d 578, 581 (8th Cir.

---

[2] In the section on Ground 7, Petitioner again refers to the testimony of Ms. Wilson; however, he asserts a different ineffectiveness claim related to the presiding Judge. He claims that the presiding Judge was the attorney of record in a prior divorce proceeding for his former spouse.

2020). Grounds raised in federal court that have not been presented in state court and for which there are no remaining state remedies are procedurally defaulted and should generally not be considered further. Dansby v. Payne, 47 F.4th 647, 659 (8th Cir. 2022); Stephen v. Smith, 963 F.3d 795, 799 (8th Cir. 2020). Procedural default also occurs when a state court's decision on a question of federal law "rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729-730 (1991). Such procedurally defaulted grounds may nonetheless be considered if a petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law" or a fundamental miscarriage of justice (i.e. actual innocence). Bousley v. United States, 523 U.S. 614, 622 (1998); Coleman, 501 U.S. at 750; Morgan v. Javois, 744 F.3d 535, 538-539 (8th Cir. 2013).

At trial, Petitioner testified that he did not tell Ms. Coffman that he was going to kill his wife. Ms. Coffman was called as a witness to rebut this statement. Petitioner argued at trial that the statements were too remote in time and are inadmissible. On direct appeal, however, he argued that the statements were irrelevant. The Missouri Court of Appeals found that because Petitioner changed his legal theory, his claim is waived. As to the letter/calls from the victim, the Missouri Court of Appeals found that they were never presented as evidence and therefore never formally excluded by the Court. As such, Petitioner did not properly preserve his claim that they were improperly excluded during the liability phase. The Court went on to find that Petitioner was not prejudice by the supposed exclusion because the jury recommended the maximum penalty, which the trial court imposed, after hearing the evidence at the penalty stage.

Respondent merely states that there is an independent and adequate state law ground, i.e., waiver, that renders these claims procedurally defaulted. Respondent's bare argument does not

address the contours of this type of procedural default.  See White v. Bowersox, 206 F.3d 776, 780 (8th Cir. 2000) ("Procedural default of a claim under state law may constitute an independent and adequate state ground, but only if the state procedural rule is firmly established, regularly followed, and readily ascertainable).  Respondent does not present any case authority showing that the state's procedural rule on waiver is firmly established, regularly followed, and readily ascertainable.  In any event, pursuant to well-established Missouri law, "[t]o properly preserve a matter for appellate review, the objection at trial must be specific, and the point raised on appeal must be based on the same theory as that presented at trial."  State v. Sykes, 480 S.W.3d 461 (Mo. Ct. App. 2016) (citing State v. Goins, 306 S.W.3d 639, 645-46 (Mo. Ct. App. 2010)); see also, State v. Johnson, 483 S.W.2d 65, 67-68 (Mo. 1972) ("The ground of objection in this court is limited to that stated at the trial.").  "Missouri courts strictly apply these principles based on the notion that trial judges should be given an opportunity to reconsider their prior rulings against the backdrop of the evidence actually adduced and in light of the circumstances that exist when the questioned evidence is actually proffered."  State v. Boydston, 198 S.W.3d 671, 674 (Mo. Ct. App. 2006) (quotation marks and citation omitted).  As such, Petitioner has procedurally defaulted Grounds 1 and 2.  Petitioner has not shown cause and prejudice that would excuse this default.

Even if these Grounds were not procedurally defaulted, they would fail on the merits because Petitioner has not established a violation of his constitutional rights.  In order for Petitioner to prevail on these due process claims, he must show that the admitted evidence (or excluded evidence) resulted in a fundamentally unfair trial – that the admission was "so gross, conspicuously prejudicial, or otherwise of such magnitude that it fatally infect[ed] the trial." McCafferty v. Leapley, 944 F.2d 445, 452 (8th Cir 1991).  Petitioner must show that a specific

constitutional right was violated by the admission of the evidence or that the admission of the same "rendered his entire trial fundamentally unfair." Sittner v. Bowersox, 969 F.3d 846, 849-850 (8th Cir. 2020) (quotation marks and citation omitted). Petitioner makes no such showing.

Petitioner's claims of ineffective assistance of counsel (Grounds 3-7) are equally unavailing. As set forth above, Petitioner asserts that trial counsel was ineffective in the following respects: (3) failing to call Robert Keith Valley ("RKV" -- Petitioner's son) to attack victim's credibility; (4) failing to present evidence of Petitioner's physical disability which would have supported his theory of accident; (5) failing to present evidence at sentencing of Petitioner's mental health challenges which would have mitigated his culpability and resulted in a lower sentence; (6) calling witness Vicki Wilson, who attacked his credibility, without Petitioner's knowledge or consent; and, (7) failing to seek a change of Judge due to a conflict of interest. In addressing Grounds 3, 4, and 5, the state court of appeals thoroughly analyzed the claims, correctly identified the governing Strickland standard, and found that Petitioner was not prejudiced by counsel's performance (Doc. 12-12). In particular, the state court found that RKV's testimony would not have supported a viable defense (in this case accident) and that when testimony is offered to impeach another witness, prejudice can only be found when the testimony would negate an element of the crime (Doc. 12-12, pp. 4-5). The state court went on to find that Petitioner failed to present evidence that his physical disabilities played any role in the shooting – namely there was no evidence that his physical disabilities that affected the left side of his body played any role in the accidental discharge of the shotgun (Id. 8-9). As such, there was again no prejudice. Finally, as to Petitioner's mental health, the state court found that Petitioner failed to present evidence supporting this claim and that it is based on mere

speculation and conjecture. Hence, the state court found that Petitioner could not show prejudice or that counsel's performance was deficient (Id. pp. 10-11).

Petitioner has not explained or discussed how the Missouri Court of Appeals either unreasonably applied the law or unreasonably determined the facts in light of the evidence. As such, Petitioner cannot satisfy the "doubly deferential" standard required to obtain habeas relief on Grounds 3-5. To the contrary, the state courts correctly identified the controlling legal standard for Petitioner's ineffective assistance of counsel claims. Burt v. Titlow, 571 U.S. 12, 22-23 (2013) (noting that the burden is on a petitioner to show that counsel's performance was deficient). And, after thoroughly reviewing the claims, the state courts found that Petitioner failed to demonstrate that he was prejudiced by counsel's performance.

Even if Petitioner had argued that the state courts erred in their analysis of these Grounds, Petitioner still must *demonstrate* that he was prejudiced by counsel's representation. Fink v. Lockhart, 823 F.2d 204 (8th Cir. 1987) ("The defendant has the burden of showing that he was prejudiced."). Petitioner only identifies his claims and offers no argument as to how he was prejudiced by counsel's decisions in calling witnesses or presenting his disabilities. Moreover, in light of the evidence of guilt and the lack of evidence supporting his defense theory of accident, counsel's failure to call RKV, to present evidence of his physical disability, or to present evidence of his mental health was not prejudicial for the reasons set forth by the state courts.

Finally, Grounds 6 and 7, alleging that counsel was ineffective for calling witness Vicki Wilson and failing to seek a change of Judge, are procedurally defaulted. Petitioner did not raise these claims before the state courts through one complete round of review (Doc. 12-10, pp. 16, 20 (stating that Petitioner does not challenge the trial court's denial of Ground 6 and 7)). Nor

has he demonstrated that "some objective external" factor prevented him from raising these grounds and that there is a reasonable probability that the outcome of the proceedings would have been different.  Marcyniuk v. Payne, 39 F.4th 988, 995 (8th Cir. 2022) (internal quotation marks and citations omitted).  As such, this Court finds that Grounds 6 and 7 are procedurally defaulted and there is no showing of cause and prejudice to excuse the default.

\* \* \* \* \*

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the petition of Robert Valley for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Appointment of Counsel (Doc. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability will be issued because Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 335-338 (2003) (setting forth the standard for issuing a certificate of appealability).

A separate Judgment will accompany this Memorandum and Order.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of February, 2025.